IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:20-CV-00421-MTT-TQL |
| VS. : | |
| : | |
| BRIAN KEMP, : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER OF DISMISSAL**

Plaintiff Manetirony Clervrain, a former federal prisoner subsequently detained at the Moore Detention Center in Okmulgee, Oklahoma by U.S. Immigration and Customs Enforcement pending removal, has filed an action titled "Motion for Consideration and Compelling Imposition Financial Burden by Invoking the Ant(s) Movement Act ('TAMA')". ECF No. 1. Plaintiff also moves to proceed *in forma pauperis*. ECF No. 2.

For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** and, because Plaintiff's complaint does not state a right to any recognizable relief and contains frivolous allegations, this action is **DISMISSED WITHOUT PREJUDICE**.

**I. DISMISSAL AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals Mr. Clervrain has been the plaintiff in

over one hundred civil actions across the United States. Plaintiff has repeatedly been identified as a litigant who abuses the judicial process. *See, e.g.*, *Clervrain v. Cuccinelli*, 20-cv-989-bbc, 2020 WL 6702003 at 1 (W.D. Wis. Nov. 13, 2020) ("Plaintiff is a prolific litigator, and has filed more than 100 cases in federal court, most of which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted."); *Clervrain v. Washington*, No. 2:20-CV-5706, 2020 WL 7318096, at *2 (S.D. Ohio Dec. 11, 2020)(Plaintiff attempts to "bamboozle the court."); *Clervrain v. Pompeo*, No. 4:20-CV-00555-SRC, 2020 WL 7714613 at 2 (E.D. Mo. Dec. 28, 2020) ("indecipherable" complaint that discusses "apartheid, genocide, terrorism, the Vienna Convention, and mass deportation"); *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) ("the court is unable to decipher Plaintiff's rigmarole"); *Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020)("the Court can infer no plausible claims from Plaintiff's 212 pages of jabberwocky").

Consistent with his pattern in other cases, Plaintiff names as the only defendant in this case a state official, Governor Brian Kemp, but makes no attempt to explain how the Governor of Georgia is responsible for whatever constitutional or federal statutory injury he is alleging. *See e.g.*, *Clervrain v. Herbert,* Case No. 2:20-CV-880-JNP, 2020 WL 7714735 at 1 (D. Utah Dec. 29, 2020) ("the governor of Utah – the only respondent named – cannot possibly have the authority to release Petitioner from a detention facility in Oklahoma"; dismissed for failure to state a claim); *Clervrain v. Benner*, 8:20CV513, 2020 WL 7632142 at 1 (D. Neb. Dec. 22, 2020) ("Plaintiff ... neglects to describe the Defendant, his place of residence, his actions or inaction, and how he constitutionally harmed

3

Plaintiff"; dismissed as frivolous); *Marin*, 2020 WL 5408581 at 2-3 (plaintiff names former state official from elsewhere as defendant, "but does not explain who [he] is, where he resides, or what constitutional injury he had inflicted"; dismissed as frivolous).

A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

In short, this Court, like those in essentially every other federal jurisdiction in which Clervrain has filed a lawsuit, finds it is simply unable to determine what causes of action are being alleged against the named Defendant or what relief is being sought. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.").

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v.*

4

*Williams*, 490 U.S. 319, 327 (1989); see *also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Plaintiff's factual allegations are clearly baseless and "rise to the level of the irrational or wholly incredible" and, therefore, his action is frivolous.

## II.  DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

As noted above, Plaintiff is a notorious filer of frivolous lawsuits. Below are just three of his numerous complaints that have been dismissed as frivolous, malicious, or for failure to state a claim and constitute strikes under § 1915(g):

1) *Clervrain v. Stone*, No. CV 318-028, 2018 WL 3939323 (S.D. Ga. Aug. 16, 2018)

2) *Clervrain v. Sawyer*, No. 1:20-cv-348, 2020 WL 3424893 (W.D. Mich. June 23, 2020)

3) *Clervrain v. Marin*, No. 20-CV-925 JLS (RBB), 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020)

Additionally, Plaintiff has been identified as a three-striker in multiple district court orders including these three dismissals:

1) *Clervrain v. Schimel*, No. 4:20-CV-538-SRC, 2020 WL 1975121 (E.D. Mo. Apr. 24, 2020)

2) *Clervrain v. Way*, No. 220CV00540LCBSGC, 2020 WL 3790691 (N.D. Ala. July 7, 2020)

3) *Clevrain v. Rosado*, No. 120CV0389TJMCFH, 2020 WL 4434867 (N.D.N.Y. Aug. 3, 2020)

Plaintiff is therefore barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not

sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Because the allegations in Plaintiff's Complaint in no way demonstrate that Plaintiff is presently in imminent danger of serious physical injury, Plaintiff should not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)")

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** this action **WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and paying the full filing fee.

**SO ORDERED**, this 16th day of <u>March</u>, 2021.

S/Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT